```
                            United States Bankruptcy Court
                                  District of Oregon
In re:                                                              Case No. 19-60739-pcm
Christopher Michael Shields                                         Chapter 13
        Debtor                CERTIFICATE OF NOTICE
District/off: 0979-6          User: Admin.              Page 1 of 2           Date Rcvd: Mar 15, 2019
                              Form ID: pdf016           Total Noticed: 39

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 17, 2019.
db            +Christopher Michael Shields,    9285 Liberty Street S,    Salem, OR 97306-9469
101866875     +Aramark,   PO Box 101179,    Pasadena, CA 91189-0005
101866876     +Atlas Global Trade Solutions,    PO Box 1389,    Kenner, LA 70063-1389
101866877     +BC Towing,   PO Box 2866,    Salem, OR 97308-2866
101866881     +CSO Financial Inc.,    1229 St. Stephens Street,    Roseburg, OR 97470-4823
101866879      Chase,   Cardmember Services,    PO Box 94014,    Palatine, IL 60094-4014
101866880     +City of Aumsville,    595 Main Street,    Aumsville, OR 97325-9005
101866882     +Department of Consumer Business,    PO Box 14610,    Salem, OR 97309-0445
101866883     +Dish Network,   PO Box 1280,    Oaks, PA 19456-1280
101866885    ++++FROG FUNDING,    2799 NW 2ND AVE STE 213,    BOCA RATON FL  33431-6709
              (address filed with court: Frog Funding,    2799 NW Boca Raton Blvd, Suite 213,
                Boca Raton, FL 33431)
101866884     +Firstline Funding,    1108 Washington Ave S,   PO Box 328,    Madison, SD 57042-0328
101866886     +Full Ahead Transportation,    PO Box 3076,    Albany, OR 97321-0701
101866887     +GHR,   1011 Commercial Street NE,    Salem, OR 97301-1040
101866889     +Kaylyn Shields,   9285 Liberty Street S,    Salem, OR 97306-9469
101866890     +Kenneth Garcia,   9832 Jordan Rd SE,    Aumsville, OR 97325-9541
101866892    #+Malcolm S. Gerald & Associates,    332 S. Michigan Ave., Suite 600,    Chicago, IL 60604-4318
101866894     +Matthew G Shephard,    345 Lincoln St SE,   Salem, OR 97302-4349
101866897    ++OREGON DEPARTMENT OF TRANSPORTATION,    355 CAPITOL ST NE MS #21,    SALEM OR 97301-3871
              (address filed with court: Oregon Department of Transportation,
                3930 Fairview Industrial Dr SE,    Salem, OR 97302)
101866896     +Oregon Department of Motor Vehicles,    1905 Lana Avenue NE,    Salem, OR 97314-0001
101866898    ++PACIFICORP,   ATTN BANKRUPTCY,    PO BOX 25308,    SALT LAKE CITY UT 84125-0308
              (address filed with court: Pacific Power,    PO Box 26000,    Portland, OR 97256-0001)
101866899     +Pre Pass,   101 N 1st Avenue, Suite 2200,    Phoenix, AZ 85003-1908
101866900     +Premier Credit,   PO Box 19309,    Indianapolis, IN 46219-0309
101866901      Reliable Credit Association,    PO Box 122829,    Milwaukie, OR 97269
101866905     +SCS,   PO Box 477,    Stayton, OR 97383-0477
101866903     +Salem Emergency Physicians,    8 Oak Park Drive,    Bedford, MA 01730-1414
101866906     +Sierra Springs,   4050 Fairview Industrial Drive,    Salem, OR 97302-1007
101866907     +Snap On Credit,   PO Box 1216,    Department 135044,    Oaks, PA 19456-1216
101866909     +Valley Credit Service,    626 Appleblossom Ave NE,    Keizer, OR 97303-6013
101866910     +Wilshire Insurance,    PO Box 7006,   Lancaster, CA 93539-7006
101866911     +Worksafe Services,    1696 Capitol Street NE,    Salem, OR 97301-7855

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
101866878     +E-mail/Text: CASCADE@CASCADECOLLECTIONS.COM Mar 16 2019 01:55:56     Cascade Collections,
               PO Box 3166,   Salem, OR 97302-0166
101866888     +E-mail/Text: grecovery@gorge.net Mar 16 2019 01:56:04     Gorge Recovery Service,
               724 E 3rd Street,   The Dalles, OR 97058-2508
101866873     +E-mail/Text: cio.bncmail@irs.gov Mar 16 2019 01:55:40     IRS,   Central Insolvency Operation,
               POB 7317,   Philadelphia, PA 19101-7317
101866891     +E-mail/Text: ZyCredit.A.User@lesschwab.com Mar 16 2019 01:56:08     Les Schwab,
               63590 Hunnell Road,   Bend, OR 97703-1255
101866893     +E-mail/Text: MAR-Bankruptcy@ojd.state.or.us Mar 16 2019 01:56:00
               Marion County Circuit Court,    100 High Street NE,    Salem, OR 97301-3640
101866895     +E-mail/PDF: cbp@onemainfinancial.com Mar 16 2019 02:03:47     One Main Financial,
               3348 Market St. NE,   Salem, OR 97301-1818
101866874     +E-mail/Text: bankruptcy.revenue@oregon.gov Mar 16 2019 01:55:27     Oregon Dept. of Revenue,
               955 Center St. NE,   Salem, OR 97301-2554
101866904     +E-mail/Text: PFSselfpay@salemhealth.org Mar 16 2019 01:56:41     Salem Hospital,
               890 Oak St. SE,   Salem, OR 97301-3905
101866908     +E-mail/Text: bankruptcydepartment@tsico.com Mar 16 2019 01:56:25     Transworld Systems, Inc.,
               Collection Agency,    500 Virginia Dr. Suite 514,    Fort Washington, PA 19034-2707
                                                                                             TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
101866902    ##+Republic Services,   PO Box 608,    2215 N Front Street,    Woodburn, OR 97071-9732
                                                                                            TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

Case 19-60739-pcm13    Doc 11    Filed 03/17/19

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 17, 2019                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 14, 2019 at the address(es) listed below:
NONE.                                                                                                TOTAL: 0

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No.
)
**Christopher Michael Shields** )
)
)
) CHAPTER 13 PLAN DATED  March 14, 2019
Debtor(s) )

**NOTICE: Your rights may be affected: all parties (including debtor and creditors) are bound to the terms of a confirmed plan. Creditors' claims may be modified or eliminated. The plan imposes obligations and duties on the debtor and other parties. You should read these papers carefully and discuss them with your attorney. If you do not have one, you may wish to consult one.**

*If you oppose the plan* treatment of your claim or any provision of this chapter 13 plan, you must file an objection. **Failure of a creditor to file a written objection to this plan will constitute acceptance of the plan, and the bankruptcy court may confirm the plan without further notice.** Objections must be filed within 14 days after the conclusion of the meeting of creditors, unless otherwise ordered by the court; for an amended plan, the deadline is in the attached notice of amendment. If there are any additional plan provisions or provisions that alter the language of paragraphs 1–14, they must be in paragraphs 15+ below.

1. **Plan Motions.** This plan includes the following items (and does not include items not selected):

| Includes: | |
|---|---|
| ☐ | **Motion to Value Collateral:** A limit on the amount of a secured claim, set out in paragraphs 4(b)(1) and (2), which may result in a partial payment or no payment at all to the secured creditor. |
| ☐ | **Motion for Relief:** Termination of the automatic stay with respect to surrendered property, set out in paragraph 4(b)(4), or property subject to a rejected contract or lease, set out in paragraph 5. |
| ☐ | **Motion to Avoid Liens:** Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. |
| ☐ | **Nonstandard Provisions:** Nonstandard provisions, set out starting in paragraph 15. |

2. **Applicable Commitment Period.** The applicable commitment period of this plan is ☑ 36 or ☐ 60 months. Debtor must make plan payments for that period unless debtor first pays 100% of all allowed claims with appropriate interest. If that period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of the plan is __60__ months; cause to extend longer than 36 months is as follows: __pay secured and priority claims__

3. **Payments to the Trustee.** Debtor must pay to the trustee:
    (a) a monthly payment of $ **400.00 x 12, then $690.00 thereafter**;
    (b) all non-exempt proceeds from avoided transfers, including those from transfers avoided by the trustee;

    (c) upon receipt, net tax refunds attributable to the following tax years: __2018-2020__ ; net tax refunds are those tax refunds not otherwise provided for in the plan, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year.

    (d) a lump sum payment of $__0.00__ on or before ____ (date); and

    (e) **N/A**.

4. **Trustee Disbursements and Treatment of Claims.** The trustee must commence prepetition disbursements required by paragraph 4(b)(3); upon confirmation of this plan, the trustee must commence disbursements in accordance with this plan. The trustee must not make any disbursement under this paragraph except on account of an allowed claim or allowed administrative expense. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of available funds must be made pro rata. The trustee must disburse all funds in the following amounts and order:

   (a) **Trustee's Fee and Expenses.** First, to the trustee's percentage fee and expenses.

   (b) **Treatment of Secured Claims.** Second, to secured creditors as provided in (1) and (2) below. The terms of debtor's prepetition agreement with each secured creditor will continue to apply, except as otherwise provided in this plan or in the confirmation order. The value of collateral for secured claims is fixed at the values stated in (1) and (2) only if there is a check in the box "Includes" in paragraph 1 for "Motion to Value Collateral" and the plan is served on the secured creditor as required under FRBP 7004 or the allowed amount of the secured claim is fixed by consent of the secured creditor. Secured creditors' liens shall be treated in accordance with §1325(a)(5)(B)(i) and must be released when retention ends under that section.

   (1) **Cure of Default and Claim Modification.** Debtor must cure the default and maintain the contractual installment payments (as provided in paragraph 7) on a secured claim listed below in the "Estimated Arrearage if Curing" column. The amount listed in that column is an estimate; the creditor's allowed claim will control. A claim listed in the "Collateral Value if Not Paying in Full" column is an allowed secured claim only to the extent of the value listed, and pursuant to § 506(a), debtor MOVES the court for an order fixing the value of the collateral in the listed amount. The value of the creditor's interest in the collateral is limited to the amount listed below, and that amount will be paid under the plan with postconfirmation interest at the rate stated below. The holder of a claim listed in the "Estimated Secured Claim if Paying in Full" column will receive the total amount of the claim as set forth in the creditor's proof of claim.

   For all creditors provided for under this subparagraph (1), if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim will be treated as an unsecured claim under paragraph 4(f) (if the claim identifies the priority position of the claim) and 4(g) below

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Secured Claim if Paying in Full | Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|
| One Main Financial | 2002 Dodge Ram 299,000 miles | | | 7,726.11 | 6.50% | 100.00* |
| | | *Use only one of these columns for each creditor* | | | | |

| *minimum monthly payment and all remaining funds pro rata after attorney fees are paid in full |
|---|

   (2) **Secured Claim Modification Not Expressly Authorized by the Code.** Treatment of secured claims under this subparagraph (2) may include modification of a claim secured by a purchase-money security interest in either (a) a motor vehicle acquired for personal use by the debtor within 910 days before the petition date or (b) any other personal property collateral acquired within 1 year before the petition date. A secured claim treated in this subparagraph is limited to the amount listed in the "Amount of Claim as Modified (Value of Collateral)" column. Debtor MOVES the court for an order fixing the value of the collateral in the amount listed below. **Debtor proposes that the creditors listed accept, either expressly or impliedly, the following treatment, which might not be able to be**

approved absent consent of creditor. **Failure of a creditor to file a written objection to confirmation of this plan before confirmation will constitute acceptance of the plan.**

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Postconfirmation Interest Rate | Monthly Payment |
|---|---|---|---|---|
| None | | | | |

(3) **Adequate Protection.** Payments must be disbursed by the trustee before confirmation, as adequate protection, from funds on hand with the trustee in the payment amounts specified in the plan for personal-property-secured creditors. Payments by the trustee before confirmation will be deducted from the amount of the allowed secured claim. Unless the concerned creditor is fully secured or over secured under § 506 or § 1325(a)(9), no interest will accrue or may be paid from the petition date to the confirmation date unless otherwise specifically provided for in the payment provisions set forth above.

(4) **Surrender of Collateral.** Debtor must surrender any collateral not addressed by the terms of this plan no later than the confirmation date to the following (state creditor name followed by description of collateral to be surrendered, and if debtor does not have possession of the collateral, so state): **N/A**

With respect to the claims secured by the collateral listed in this subparagraph (4), debtor MOVES that the stay of § 362(a) be terminated as to the collateral only and that the stay of § 1301 be terminated.

(c) **Debtor's Attorney Compensation.** Third, to debtor's attorney fees of $__4,750.00__ and expenses of $__310.00__, of which $__610.00__ has been paid, leaving $__4,450.00__ unpaid. Upon application, the court may award not more than $500 in addition to the above amount without further notice at the time of confirmation. Debtor's attorney ☐ may ☑ may not apply for supplemental compensation and expense reimbursement.
Attorney will be paid as follows (check only one):

☑ All attorney fees and expenses, including supplemental compensation, will be paid from all available funds after the trustee makes any disbursements under paragraph 4(a) and any fixed monthly payments in paragraph 4(b).

☐ Other: ____

(d) **Domestic Support.** Fourth, to allowed unsecured domestic support obligations under § 507(a)(1), and these claims must be paid in full.

(e) **Administrative Expenses.** Fifth, to allowed administrative expenses under §507(a)(2), and these claims must be paid in full.

(f) **Priority Claims.** Sixth, to allowed priority claims in the order stated in § 507(a)(3)-(10), and these claims must be paid in full.

(g) **Unsecured Claims.** Seventh, to allowed nonpriority unsecured claims, the amounts required by § 1325(b)(1). [Mark only one].

☑ (1) Creditors will receive approximately __0.00__% of their claims. Payment of any dividend will depend on the amounts of allowed secured, priority (including costs of administration and the debtor's attorney fees), and nonpriority unsecured claims.

☐ (2) Creditors will receive a minimum ___% of their claims.

1300.17 (12/1/2018)
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Page 3 of 5
Best Case Bankruptcy

[Note: Printed text may not be stricken.]

Case 19-60739-pcm13    Doc 11    Filed 03/17/19

(h) **Best Interest of Creditors.** The "best interest of creditors" number is $**0** , and not less than that amount must be distributed to unsecured priority and nonpriority creditors. The amount of allowed priority claims will reduce the amount distributed to allowed unsecured nonpriority creditors.

(i) **Unsecured Claim Interest.** All allowed unsecured claims will receive interest of **0.00**% from the time of confirmation.

(j) **Untimely Claims Disallowed.** Subject to the provisions of § 502(b)(9), untimely claims, other than those secured claims for which the treatment is specified in paragraph 4(b) above, are disallowed without the need for objection.

5. **Executory Contracts and Leases.** The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
| -NONE- | | |

Executory contracts or leases not specifically listed above are rejected. Any allowed claim arising from rejection will be treated under paragraph 4(g). Debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. Debtor must surrender any property covered by rejected executory contracts or leases to the affected creditor no later than confirmation. Debtor MOVES that the stay of § 362(a) be terminated as to all property covered by rejected executory contracts and leases and that the stay of § 1301 be terminated.

6. **Section 522 Lien Avoidance.** Debtor MOVES, pursuant to § 522(f)(1), to avoid the judicial liens or nonpurchase-money security interests of the following creditors because they impair an exemption of the debtor: **N/A**

The order of confirmation will avoid the liens listed above, and claims of the lienholders will be treated in paragraph 4(g).

7. **Direct Payments.** Debtor must pay directly to each of the following creditors the regular payment that comes due after the petition date (state creditor name followed by collateral description): **N/A**

8. **Use of Credit.** Debtor may not incur credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating debtor's business.

9. **Debtor Reporting Requirements.** Unless waived by the trustee in writing, debtor must report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by debtor in the most recently filed Schedule I. Unless listed in the schedules, debtor must report immediately to the trustee any right of debtor to a distribution or right to distribution of funds or other property, including bonuses and inheritances, worth more than $2,500.

10. **Postpetition Tax Reporting.** For tax years listed in paragraph 3(c), debtor must timely file all required tax returns and provide copies to the trustee each year immediately upon filing with the taxing authority.

11. **Vesting of Estate Property; Limitations on Postconfirmation Property Use.** Property of the estate will vest in debtor upon confirmation, subject to the terms of this paragraph. Except for regular monthly income, any right of debtor to a distribution of funds or other property exceeding a value of $2,500 must be held by debtor and not used without the trustee's permission or a court order. Debtor must not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber, or otherwise dispose of any interest in: (a) real property; or (b) personal property worth more than $10,000 out of the ordinary course of business without notice (given per FRBP 2002 as if the interest were property of the estate) to all creditors and the trustee, with an opportunity for hearing, unless the property is acquired through the use of credit

with the trustee's written consent.

12. **Treatment of Trustee Funds on Hand Upon Dismissal or Conversion.** If this case is converted to chapter 7 and the chapter 13 trustee has more than $2,500 at the time of conversion, the chapter 13 trustee must forward all funds to debtor, in care of debtor's attorney, if any, 10 days after the first scheduled § 341(a) meeting in the chapter 7 case unless the chapter 7 trustee files and serves a written objection pursuant to § 348(f)(2). If the funds in the chapter 13 trustee's possession at conversion are $2,500 or less, or if this case is dismissed, the chapter 13 trustee must forward all funds to debtor in care of debtor's attorney, if any. This paragraph does not determine the rights of the parties to these funds.

13. **Reservation of Rights and Powers.** Except as expressly set forth in this plan or the confirmation order, neither this plan nor the confirmation order affects any right or power of debtor or the trustee, including debtor's rights under § 1302 and rights of the trustee or any trustee's assignee under 11 U.S.C. chapter 5.

14. **Additional Nonstandard Provisions.** Any nonstandard provisions are set forth below or on attachments; each provision is numbered, beginning with 15. Debtor and, if applicable, debtor's counsel certify that the plan contains no nonstandard provision other than those set out consistent with this paragraph. Nonstandard provisions set out elsewhere in this plan are ineffective; nonstandard provisions will be effective only if there is a check in the box "Includes" in paragraph 1.

| /s/ Christopher Michael Shields | March 14, 2019 | | |
|---|---|---|---|
| DEBTOR | DATE | DEBTOR | DATE |

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 4(b)(1)** (under the "Collateral Value if Not Paying in Full" column), **4(b)(2)** (under the "Amount of Claim as Modified" column), **5**, and **6** (see FRBP 3012, 4003(d), and 9014, and LBR 6006-1(b)). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For creditors/parties who are **not** Insured Depository Institutions (served by court) (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on , I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):

**OneMain Financial Group, LLC**
**CT Corporation System, Registered Agent**
**780 Commercial Street NE, Suite 100**
**Salem, OR 97301**

b) For Insured Depository Institutions (see FRBP 7004(h)), on , I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):

/s/ Keith Karnes
**Keith Karnes**
Debtor or Debtor's Attorney